**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARVIN SELPH,

    Plaintiff,

  v.                                             No. CIV 12-1098 MCA/LAM

GREG MARCANTEL, SECRETARY OF CORRECTIONS,
DEPUTY WARDEN / ROBERT ULIBARRI,
GRIEVANCE OFFICER / LT. JESSICA VIGIL,
PROPERTY / COMMISSARY OFFICER P. BHAKTA,
E. BRAVO,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Prisoner's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court is certain Defendants' Motion to Dismiss Plaintiff's Complaint For Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (Doc. 5). For reasons set out below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, pursuant to prison policy, Plaintiff's personal property was kept in the prison property room. Certain items of the property allegedly went missing from the property room and have not been returned to him. Although he does not specify, it appears that Plaintiff's claim is for deprivation of property without due process. Plaintiff also alleges that Defendants violated departmental grievance policies. For relief, the complaint asks for return of Plaintiff's property and award of costs.

In their motion to dismiss, Defendants argue that the complaint fails to allege that they were personally involved in the asserted violations, and the alleged property deprivation does not amount to a constitutional violation. The motion, without addressing Plaintiff's claim of violation of grievance procedures, asserts that "the U.S. Supreme Court's ruling in *Hudson*[ *v. Palmer*, 468 U.S. 517 (1984),] is a complete bar to Plaintiff's claims."

As Defendants argue, the resolution of Plaintiff's due process claim is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson*, 468 U.S. at 534, which addressed the elements necessary to sustain this claim. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional. *Cf.*

*Wilson v. United States*, 29 F. App'x 495, 496-97 (10th Cir. 2002).  Plaintiff's due process claim will be dismissed.

The Court *sua sponte* considers Claim II of the complaint, which alleges that the warden failed to make a timely decision in Plaintiff's grievance appeal, thereby violating departmental policies.  Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim.  *See  Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. July 27, 2011); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).  Here, the policy attached to Plaintiff's complaint (Doc. 1 p. 12) clearly states that a prisoner will be deemed to have exhausted remedies if officials fail to meet procedural deadlines.  Nothing in the policy's language "creates a protected liberty interest by placing substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).  Plaintiff's allegations of departmental policy violations do not state a claim for relief under 42 U.S.C. § 1983, and the Court will dismiss Claim II.

IT IS THEREFORE ORDERED that Certain Defendants' Motion to Dismiss Plaintiff's Complaint For Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (Doc. 5) is GRANTED, Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

                                                                                                  UNITED STATES DISTRICT JUDGE